Filed 9/27/13  P. v. Pollard CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063092 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE324263) |
| JOE BRANDON POLLARD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Charles W. Ervin, Judge.  Affirmed.

David K. Rankin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

On October 16, 2012, after the court advised him of his constitutional rights and the potential consequences of his plea, defendant Joe Brandon Pollard indicated he was

freely and voluntarily giving up those rights and pleaded guilty to one count of attempted possession of a controlled substance (methamphetamine) (Health and Saf. Code, § 11377, subd. (a) & Pen. Code, § 664) as a lesser included offense of count 1 of the felony complaint. Pollard admitted an allegation that he had suffered one strike prior (Pen. Code, §§ 667, subds. (b)-(i), 1170.12 & 668). The plea bargain stipulated a sentence of 16 months in state prison.

The court granted the prosecution's motion to dismiss allegations Pollard had suffered two prison priors (Pen. Code, § 667.5, subd. (b)), and immediately sentenced him to the stipulated 16-month prison term. The court granted Pollard a total of 37 days of presentence custody credit and imposed various fees and fines, including a restitution fine and a suspended parole revocation fine.

In his notice of appeal, Pollard indicated his appeal is "based on the sentence or other matters that occurred after the plea and do not affect its validity."

## FACTUAL BACKGROUND

For purposes of the change of plea hearing, Pollard admitted as the factual basis for his guilty plea that he "unlawfully attempted to possess a controlled substance."

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U. S. 738, counsel refers to the following as possible, but not arguable, issues: (1) Was Pollard "properly advised of his rights prior to entering the plea

2

bargain?"; (2) "[i]s there a factual basis for his plea?"; and (3) "[d]id [he] receive the agreed sentence?"

We granted Pollard permission to file a brief on his own behalf. He has not responded.

A review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and *Anders v. California*, *supra*, 386 U.S. 738, including the possible issues raised by appellate counsel, has disclosed no reasonably arguable appellate issue. The record shows Pollard was properly advised of his rights before he entered his guilty plea and admitted the strike prior allegation, there is a factual basis for his plea, and he received the sentence the parties agreed he would receive. We conclude Pollard has been adequately represented by counsel on this appeal.

### DISPOSITION

The judgment is affirmed.

NARES, J.

WE CONCUR:

BENKE, Acting P. J.

IRION, J.

3